IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAUDIA MARTINEZ, *on behalf of herself and others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> LA FOX BP, INC and WAQAR QURESHI individually, <br><br> Defendants. | Case No. 18-cv-299 <br><br><br><br><br><br><br><br> **JURY DEMAND** |

# COMPLAINT

Plaintiff, as a Complaint against Defendants, alleges the following:

## NATURE OF THE CASE

1. This action is brought to remedy nonpayment of wages in violation of the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL), and the Illinois Wage Payment and Collection Act (IWPCA).

2. This is a collective action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and an action to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/4 and 820 ILCS 115/5,, on behalf of a class of workers represented by named Plaintiff Claudia Martinez.

3. In violation of the FLSA, Defendants failed to pay Plaintiff and other similarly situated workers for all of the hours they worked by failing to pay overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendants also violated the IMWL by failing to pay Plaintiff and similarly

situated workers at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked. Defendants violated the IWPCA by failing to

4.  As a remedy for Defendants' acts, Plaintiff seeks relief, on behalf of herself and similarly situated workers, including unpaid overtime wages, liquidated damages under the FLSA, state law penalties, and attorney's fees and costs.

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over Plaintiff's FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1337 (interstate commerce), and 29 U.S.C. § 216(b) (FLSA).

6.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the federal claims that they form part of the same Article III case.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

8.  Plaintiff Claudia Martinez is an individual residing in the Northern District of Illinois, Eastern Division. Within the three-year period prior to the filing of this Complaint, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e), 820 ILCS 105/3(d), and 820 ILCS 115/2.

9.  At all relative times herein, Plaintiff worked as a Cashier for Defendants.

10. At all relevant times herein, Plaintiff was not exempt from the overtime and minimum wage provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

11. At all relevant times herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

12. Plaintiff has signed and filed, along with this Complaint, written consent to sue pursuant to 29 U.S.C. § 216(b).

13. Defendant La Fox BP, Inc. ("La Fox"), is an Illinois corporation with a principal place of business in South Elgin, Illinois. Defendant La Fox is a gasoline service provider.

14. Defendant La Fox is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

15. At all times relevant herein, Defendant La Fox was an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

16. Defendant Waqar Qureshi ("Waqar") is the owner of La Fox and is responsible for oversight of its business operations. At all times relevant herein, Defendant Waqar was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the IWPCA, 820 ILCS 115/2.

17. Defendants La Fox and Waqar jointly employed Plaintiff and similarly situated workers within the meaning of the FLSA, the IMWL, and the IWPCA and are jointly and severally liable for the violations of law asserted herein.

## FACTUAL ALLEGATIONS

18. During the 3-year period prior to the filing of this Complaint, Plaintiff and similarly situated persons worked for Defendants.

19. At all times relevant, Plaintiff and similarly situated workers were required to report each workday to the Defendants' gas station.

20. At all relevant times, and on a customary and regular basis, Plaintiff and similarly situated employees worked in excess of 40 hours in a workweek.

21. At all times relevant, Defendants failed to pay Plaintiff and similarly situated workers overtime premium wages of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a single workweek.

22. At all times relevant, Plaintiff worked with others similarly situated. On information and belief, the potential collective action of similarly situated employees includes 3 to 10 employees who suffered the same or similar violations as those described above.

23. Plaintiff has attached a Consent to Sue notice pursuant to the requirements of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings Count I of this action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct and who file written consent to sue ("the FLSA Class").

25. The FLSA Class, of which Plaintiff is a member, and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

All employees of La Fox who worked at any time from May 2014 through the present.

26. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 3 persons.

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages, are readily identifiable by Defendants, and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

**COUNT ONE**
**OVERTIME, FAIR LABOR STANDARDS ACT**
**ALL DEFENDANTS -- COLLECTIVE ACTION**

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rates of pay for every hour they worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. § 207.

30. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

31. Defendants' violations of 29 U.S.C. § 207 were willful.

32. Defendants jointly employed Plaintiff and similarly situated workers pursuant to the FLSA and are jointly and severally liable for the FLSA violations.

## COUNT TWO
## OVERTIME, ILLINOIS MINIMUM WAGE LAW
## ALL DEFENDANTS

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. The Illinois Minimum Wage Law, at 820 ILCS 105/4a, provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

35. Defendants' practice and policy of not paying Plaintiff and other members of the Class overtime compensation at a rate of one and one-half times their regular rates of pay for all of their hours worked in excess of 40 hours in a workweek violated 820 ILCS 105/4a.

36. As a result of Defendants' violation of 820 ILCS 105/4a, Plaintiff and other members of the Illinois Class have been damaged in that they have not received wages due to them pursuant to 820 ILCS 105/4a.

37. Defendants jointly employed Plaintiff and other members of the Class pursuant to the IMWL and are jointly and severally liable for the IMWL violations.

## COUNT THREE
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## ALL DEFENDANTS

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. The IWPCA, at 820 ILCS 115/4, provides that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned. The IWPCA, at 820 ILCS 115/5, provides that "Every employer shall pay the final compensation of separated

6

employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

40. As a result of Defendants' violation of 820 ILCS 115/4 and 820 ILCS 115/5, Plaintiff and other members of the Class have been damaged in that they were not paid weekly monies due them or their final compensation within the time period required by the IWPCA.

41. Defendants jointly employed Plaintiff and other members of the Class pursuant to the IWPCA and are jointly and severally liable for the IWPCA violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) for pursuit of the claims asserted in Count I;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all collective action members that this litigation is pending and that they have the right to "opt-in" in to this litigation by filing written consent to sue;

C. Award Plaintiff and similarly situated workers who file written consent to sue their unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

D. Award Plaintiff damages for unpaid overtime compensation;

E. Award Plaintiff in the amount of 2% of the underpayment per month for the length of the violations of the IMWL and IWPCA pursuant to 820 ILCS 105/12, and 820 ILCS 115/14(a);

F. Award Plaintiff reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b), 820 ILCS 105/12, and 820 ILCS 115/14(a); and

G. Award pre- and post-judgment interest at the statutory rate; and

I. Order such further and additional relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all eligible claims and issues.

Respectfully submitted,

/s/ Jorge Sanchez
Jorge Sanchez

Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated : January 16, 2018